UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| JOEL BLOCH, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>TRACFONE WIRELESS INC., d/b/a SafeLink, a Florida Corporation.<br><br><br>.   *Defendant.* | CASE NO.<br><br>Date Filed:<br><br>*Civil Action*<br><br>**Class Action Complaint and Demand for Jury Trial** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joel Bloch ("Bloch" or "Plaintiff") brings this Class Action Complaint (the "Complaint") against Defendant TracFone Wireless, Inc., d/b/a SafeLink ("TracFone" or "Defendant"), to stop Defendant's practice of making unsolicited telephone calls, specifically automated "robo-calls" to the cellular and residential landline telephones of consumers as well as autodialed calls to consumers' cellular telephones, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant TracFone Wireless, Inc., is a provider of cellular telephones and wireless telephone service.

2. Doing business through its SafeLink brand, TracFone offers customers who meet certain eligibility requirements free limited cellular phone service, with additional minutes

available for purchase.

3. Unfortunately for consumers, TracFone, in marketing SafeLink, casts its net too wide. That is, in an attempt to promote its business and to generate leads for its cellular telephone service, TracFone conducts a wide-scale telemarketing campaign that repeatedly makes autodialed telephone calls to consumers' telephones that begin with a prerecorded or artificial voice instead of a live operator (more commonly referred to as a "robo-call"). These robo-calls are made without the prior written express consent of consumers, which violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

4. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injuries. This includes the aggravation, nuisance, and invasion of privacy that result from the receipt of each call, in addition to a loss of value realized for the monies that consumers paid to their wireless carriers for the receipt of such calls. Furthermore, for calls made to consumers' cellphones, the calls intentionally interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components.

5. Congress enacted the TCPA to protect consumers from unsolicited telephone calls, specifically like the calls received by Plaintiff and other Class Members in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant Class Action Suit (the "Action"), which seeks an injunction ordering Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Joel Bloch is a natural person and citizen of the State of New York. He

resides in Kings County.

7. Defendant TracFone Wireless, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 9700 N.W. 112th Avenue, Miami, Florida, 33178. TracFone does business throughout this District, the State of New York, and nationwide.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.,* (the "CAFA) because the Classes each consist of over 100 people, at least one member of each class is from a State other than Florida (the state of Defendant), and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

9. The Court has personal jurisdiction over this matter because Defendant solicits business in this District and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, and was directed to, this District.

## COMMON FACTUAL ALLEGATIONS

11. TracFone is a provider of cellular telephones and cellular telephone services.

12. According to TracFone's User Agreement, through its SafeLink brand, Defendant purports to offer those who meet certain income-based eligibility requirements a cellular telephone provided by TracFone together with a certain allotment of airtime minutes each month,

for up to one year. However, units are deducted from a customer's account for incoming and outgoing calls. Once a customer reaches the free monthly allotment of airtime, he must purchase additional airtime in order for the phone to remain functioning.[1]

13. Unfortunately for consumers, Defendant utilized, and continues to utilize, a sophisticated telephone dialing system to call telephone users, *en masse*, to promote its services and products, often times placing calls to consumers on their cellular telephones.

14. Worse yet, Defendant calls these consumers using a pre-recorded message known as a "robo-call" to initiate such solicitations. Though inexpensive for Defendant to conduct, these calls violate the privacy of Defendant's costumers.

15. In Defendant's overzealous marketing attempts, it placed, and continues to place, phone calls to consumers that never provided prior express written consent to be called, and to consumers with whom Defendant had no prior dealings or relationship.

16. Defendant seeks to generate leads for its cellular telephone service, but fails to appropriately segment its call list between landline and cell phone numbers, causing Defendant to call cell phone numbers with its auto-dialer and using a pre-recorded message, which is expressly prohibited by the TCPA.

17. Defendant further violates the TCPA by making robo-calls to residential landline telephones without first securing prior express consent.

18. Defendant, and/or agents acting on its behalf, use a variety of phone numbers to make these unlawful sales calls to consumers, including (845) 207-3692.

19. Not surprisingly, Defendant's practices have led to numerous complaints from consumers, including complaints from people who, like Plaintiff, received pre-recorded calls

---

[1] https://www.safelinkwireless.com/Enrollment/Safelink/en/NewPublic/terms_conditions.htm

4

from (845) 207-3692:

> "Call today from a number I didn't recognize. Didn't answer and there was no message." (Ken, Jan. 13, 2016)[2]
> "Call from this number, dead air on message." (Guy, Jan. 26, 2016)[3]
> "Call from this number answered & it was dead air." (Gail, Jan. 29, 2016)[4]
> "Called today. Did not answer and they left no message. Now on my block list." (Buddy Lats, Feb. 3, 2016)[5]
> "Scam to get ur info to send a fake phone" (Tina, Feb. 24, 2016)[6]

20. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to for the calls to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF BLOCH

21. On February 15, 2016, Plaintiff Bloch received a telephone call from Defendant or its agent on his cellular telephone from (845) 207-3692. When Plaintiff answered, he heard a pre-recorded robo-call message that stated that he could receive a cell phone at little to no cost.

22. Plaintiff estimates that he has received at least two calls per week from Defendant, all with the same pre-recorded robo-call message, in the past several months.

23. On March 10, 2016, Plaintiff received the same pre-recorded call from Defendant on his residential landline from 718-332-6421.

24. Bloch did not provide his cellular or landline telephone number to Defendant or any of its agents, so therefore did not and could not provide any form of consent to be called by

---

[2] http://800notes.com/Phone.aspx/1-845-207-3692
[3] http://800notes.com/Phone.aspx/1-845-207-3692
[4] http://800notes.com/Phone.aspx/1-845-207-3692
[5] http://800notes.com/Phone.aspx/1-845-207-3692
[6] http://800notes.com/Phone.aspx/1-845-207-3692

Defendant or its agents.

25. As a result of Defendant's intrusive calls, which adversely affected Bloch's right to privacy and interfered with his use of his phones, Bloch has suffered cognizable harm in the form of monies paid to his wireless carrier and landline carrier.

26. Defendant was, and is, aware that the above-described telephone calls were being made either by Defendant directly, or made on its behalf, and that the telephone calls were being made to non-consenting consumers.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Classes of similarly situated individuals defined as follows:

> **Robo-call Cell Class**: All persons in the United States who (1) from the last four years through the present, (2) received one or more telephone calls from Defendant (or a third-party acting on Defendant's behalf) on their cellular telephones, (3) that featured an artificial or pre-recorded voice, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.
>
> **Autodialed Cell Class**: All persons in the United States who (1) from the last four years through the present, (2) Defendant (or a third-party acting on Defendant's behalf) called on the person's cellular telephone number using an automatic telephone dialing system, (3) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.
>
> **Robo-call Landline Class**: All persons in the United States who (1) from the last four years through the present, (2) received one or more telephone calls from Defendant (or a third-party acting on Defendant's behalf) on their residential landline telephone, (3) that featured an artificial or pre-recorded voice, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.

The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries,

parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; and 5) Plaintiff's counsel and Defendant's counsel. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

28. **Numerosity**: The exact number of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified and class membership can be ascertained objectively through Defendant's records.

29. **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct violated the TCPA;

    (b)    whether Defendant and/or its agents made calls featuring an artificial or pre-recorded voice to residential landline and wireless telephone numbers;

    (c)    whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

    (d)    whether Defendant used an ATDS to call cellphone numbers; and

      (e)      whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

32. **Conduct Applicable to the Classes as Wholes:** TracFone's conduct as described herein was generally the same as applied to the Classes as respective wholes. TracFone called everyone using an artificial or pre-recorded voice, and called wireless telephone numbers using and ATDS. Final injunctive relief and corresponding declaratory relief is necessary and appropriate to ensure consistent adjudications.

33. **Common Issues Predominate:** The common issues of fact and law in this case are go to the heart of and drive the litigation and predominate over any supposed individualized issues affecting any each class member. The claims in this case may be adjudicated using common evidence.

34. **Superiority & Manageability**: This case is also appropriate for class certification because a class proceeding is superior to all other available methods for the fair and efficient adjudication of this controversy due to the impracticality of joinder of all parties. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action proceeding because individual litigation of the complex legal and factual controversies in this Complaint would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be also fostered, and uniformity of decisions rendered will be ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Robo-call Cell Class)

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. Defendant and/or its agents made unsolicited and unwanted telephone calls to the cellular telephone numbers belonging to Plaintiff and the other members of the Robo-call Cell Class without their prior express consent for the purpose of soliciting its cellular telephone service.

37. Defendant and/or its agents made unsolicited telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Robo-call Cell Class using a prerecorded or artificial voice, more commonly referred to as a "robo-call."

38. The Defendant's calls promoted Defendant's good or services.

39. By making, or having made on its behalf, unsolicited robo-calls utilizing an artificial or prerecorded voice to Plaintiff's and the Robo-call Cell Class's telephones without prior express written consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of

Defendant's unlawful conduct, Plaintiff and the other members of the Robo-call Cell Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the TCPA.

40. In the event that the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robo-call Cell Class.

## COUNT II
### Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Autodialed Cell Class)

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Cell Class without their prior express written consent to receive such calls.

43. Defendant made, or had made on its behalf, such telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

44. Defendant, and/or its agents, utilized equipment that made such telephone calls to Plaintiff and other members of the Autodialed Cell Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant, also known as a "predictive dialer," dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

45. By making, or having made on its behalf, the unsolicited telephone calls to

Plaintiff's and the Autodialed Cell Class's cellular telephones without prior written express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

46. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Cell Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

47. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the autodialed Class.

## COUNT III
### Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Robo-call Landline Class)

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49. Defendant and/or its agents made unsolicited and unwanted telephone calls to the residential landline telephone numbers belonging to Plaintiff and the other members of the Robo-call Landline Class without their prior written express consent for the commercial purpose of soliciting its cellular telephone service.

50. Defendant and/or its agents made unsolicited telephone calls to residential telephone numbers belonging to Plaintiff and the other members of the Robo-call Landline Class using a prerecorded or artificial voice, more commonly referred to as a "robo-call."

51. 47 U.S.C. § 227(b)(1)(B) makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the

prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)".

52. By making, or having made on its behalf, unsolicited robo-calls to Plaintiff's and the Robo-call Landline Class's residential telephone lines without prior express written consent, Defendant violated 47 U.S.C. § 227(b)(1)(B).

53. Moreover, Defendant's calls are not made for emergency purposes and are not exempted by rule or order under paragraph (2)(B) of the Act.

54. As a result of Defendant's illegal conduct, Plaintiff and the other members of the Robo-call Landline Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the TCPA.

55. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joel Bloch, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, appointing Plaintiff Joel Bloch as the representative of the Classes, and appointing his counsel as Class Counsel;

b) An award of actual and statutory damages;

c) An injunction ordering Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

d) An award of reasonable attorneys' fees and costs; and

e) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 20, 2016

                                        Respectfully submitted,

                                        **JOEL BLOCH**, individually and on behalf of all others similarly situated,

                                        By: /s/ Stefan Coleman
                                               One of Plaintiff's Attorneys

Stefan L. Coleman, Esq. (SC6365)
LAW OFFICES OF STEFAN COLEMAN, LLC
1309 Jericho Tpke, 2nd Floor
New Hyde Park, NY 11040
Tel: 877.333.9427
law@stefancoleman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
Woodrow & Peluso, LLC
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Counsel for Plaintiff and the Alleged Classes*

*\* Pro hac vice* to be filed